IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:13-cr-04016-SRB-1 |
| ) | |
| PETR BABENKO, and ) | |
| BOGDAN NAHAPETYAN, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before this Court are Defendant's Rule 29 Motion for Judgment of Acquittal (Doc. #137) and Motion for New Trial (Doc. #136). After reviewing the premises of the motions, the record, and the applicable law, Defendant's Motions are denied.

### I. Background

On August 19, 2015, a jury found Defendant Petr Babenko guilty of conspiracy to defraud the United States under 18 U.S.C. § 371 and Lacey Act Trafficking under 16 U.S.C. §§ 3372(a)(2)(A), 3373(d)(1)(B) and 18 U.S.C. § 2. Defendant timely filed his request to set aside the jury's verdict and grant an acquittal, or, in the alternative, order a new trial.

### II. Motion for Judgment of Acquittal

Defendant moves for judgment of acquittal on both charges. Defendant contends the Government did not present sufficient evidence upon which a reasonable jury could find he knowingly bought and transported fish across state lines. Specifically, Defendant contends the Government failed to prove beyond a reasonable doubt that Defendant knew the fish at issue were taken, possessed, transported, or sold in violation of, or in a manner unlawful under Missouri state law, as required by 16 U.S.C. § 3373(d)(1)(B). Defendant states that "[i]f the

knowledge element of the crime was not proved beyond a reasonable doubt, a judgment of acquittal on Count Two is required." (Doc. #137, p.2). Defendant further asserts that if Count Two cannot be proved beyond a reasonable doubt, then a conspiracy to carry out Lacey Act trafficking, as charged in Count One, cannot be proved.

Under Federal Rule of Criminal Procedure 29, a defendant may move for judgment of acquittal on the ground that the evidence was legally insufficient to support his conviction. Fed. R. Crim. P. 29(a), (c)(1). The Court should deny a motion for judgment of acquittal "where the evidence, viewed in the light most favorable to the government, is such that a reasonable jury could have found each of the essential elements of the crime beyond a reasonable doubt." United States v. Moyer, 182 F.3d 1018, 1021 (8th Cir. 1999); see also United States v. Strong, 773 F.3d 920, 924 (8th Cir. 2014). "The verdict will be upheld if 'any interpretation of the evidence would allow a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt.'" United States v. Clayton, 787 F.3d 929, 934 (8th Cir. 2015) (quoting United States v. Martin, 777 F.3d 984, 992 (8th Cir. 2015)). "This standard of review is very strict, 'and the jury's verdict is not to be lightly overturned.'" United States v. Teague, 646 F.3d 1119, 1122 (8th Cir. 2011) (quoting United States v. Hayes, 391 F.3d 958, 961 (8th Cir. 2004)). If the evidence could support either a finding of guilt or innocence, the court must deny the motion. Ortega v. United States, 270 F.3d 540, 544 (8th Cir. 2001) (citing United States v. Baker, 98 F.3d 330, 338 (8th Cir. 1996) (holding "[i]f the evidence rationally supports two conflicting hypotheses, the reviewing court will not disturb the conviction")).

Here, the jury convicted Defendant on two counts of conspiring with his co-conspirator to violate the Lacey Act and a completed substantive Lacey Act Trafficking offense. During the trial, the jury heard testimony from Bogdan Nahapetyan, the co-conspirator, and several other

witnesses involved with this case. Nahapetyan testified he would negotiate the purchase of paddlefish, Defendant would travel to Missouri to pay for the paddlefish, and then, Defendant and Nahapetyan would process the fish together before Defendant transported the fillets and caviar back to New Jersey to sell. The jury was shown evidence that Defendant was in the business of buying and selling caviar and knew what legally-acquired, commercially-packaged caviar looked like. The jury was shown evidence of Nahapetyan telling the undercover officer that Defendant was a "distributor" and that Defendant knows how to sell caviar even if the caviar does not have a certificate. The jury was also presented testimony that Defendant was present when Nahapetyan and the undercover officer discussed keeping their business quiet. Nahapetyan also testified that Defendant became nervous when he saw a sheriff's deputy drive past their location after they had loaded the van with the caviar and fish they had acquired from the undercover officers. Nahapetyan stated that this incident concerned Defendant so greatly that he cancelled the purchase set for the subsequent day and left for New Jersey.

As defined by the Court in Instruction No. 20, presented to the jury, "[a] defendant acts knowingly if he is aware of the conduct and does not act through ignorance, mistake or accident." (Doc. #134, p.28); See also Ninth Circuit Model Criminal Jury Instructions (2010 Edition) No. 9.12. A reasonable jury, viewing this evidence most favorably toward the Government, could conclude beyond a reasonable doubt that Defendant was aware of the illegality of his conduct. See Moyer, 182 F.3d at 1021. The Court finds that a reasonable-minded jury could interpret the evidence to find Defendant guilty beyond a reasonable doubt. See Clayton, 787 F.3d at 934. Thus, the evidence is sufficient to support a conviction of Count One and Count Two, and Defendant's motion is denied.

### III. Motion for New Trial

Defendant moves the Court to order a new trial under Federal Rule of Criminal Procedure 33. Defendant suggests a new trial is necessary because: (1) the weight of the evidence supports Defendant's innocence; and (2) the Government engaged in unfair and prejudicial arguments in its summations to the jury.

Rule 33(a) permits the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." In order to grant a new trial, a district court must find that the evidence weighs "so heavily against the verdict that a miscarriage of justice may have occurred." United States v. McClellon, 578 F.3d 846, 856–57 (8th Cir. 2009) (internal quotation marks omitted). A district court must exercise its Rule 33 authority "sparingly and with caution." Id. at 857 (internal quotation marks omitted).

First, Defendant argues he did not have the requisite knowledge concerning the Missouri state paddlefish regulations, and the facts concerning the origination of the paddlefish and the seller's lack of commercial roe fishing permit. The Government submitted witness testimony to the jury to support its claim that Defendant had adequate knowledge of the illegality of his actions and business being conducted. Defendant's arguments in support of his first contention for a new trial in his Rule 33 motion are essentially the same as the ones presented in his Rule 29 motion. The Court's previous discussion of the sufficiency of the evidence and other challenges is therefore equally applicable to this issue.

In addition to the identical arguments, Defendant claims the Government's witnesses were not credible as to the Defendant's knowledge. Our judicial system "leave[s] the veracity of a witness to be tested by cross-examination, and the credibility of his testimony to be determined by a properly instructed jury." United States v. Crenshaw, 359 F.3d 977, 988 (8th Cir. 2004)

(quoting Hoffa v. United States, 385 U.S. 293, 311 (1966)). Thus, the Court finds "[t]he jury's verdicts, based on the record evidence and all the reasonable inferences drawn from the evidence, are not against the weight of the evidence and do not leave this court with the sense any miscarriage of justice may have occurred." United States v. Johnson, 474 F.3d 1044, 1051 (8th Cir. 2007). "The grant of a new trial under Rule 33 is reserved for 'exceptional cases in which the evidence preponderates heavily against the verdict.'" Id. (citing 3 Charles Alan Wright et al., Federal Practice and Procedure § 553 (3d ed. 2004)). The Court does not find that this case falls within this category. A new trial is not warranted.

Second, Defendant argues that the Government's summation during closing arguments was tainted with improper and prejudicial statements. However, as the Government notes in its response, Defendant failed to object to any of these arguments at trial. The Government further states a new trial is not warranted because "[t]he jury watched the Defendant purchase illegal caviar on covert videotape, heard the surveillance agents testify that Defendant transported the caviar across state lines, and heard Nahapetyan testify about what he and Defendant talked about behind closed doors before, during, and after the purchases." (Doc. #139, p.17). The Government asserts this evidence is sufficient to support the jury's finding.

"A defendant's failure to object to an alleged error generally precludes him from asserting the claimed error in a motion for new trial." United States v. McBride, 862 F.2d 1316, 1319 (8th Cir. 1988) (internal citation omitted). "Defense counsel must take the initiative in bringing alleged trial error to the court's attention." Id. "Counsel cannot stand idly by, permit the presentation of erroneous matter at trial, and then complain about the inclusion of that evidence in the trial record, absent plain error." Id. (citing McNeely v. United States, 353 F.2d 913, 917 (8th Cir. 1965)). "A plain error that affects substantial rights may be considered even though it

was not brought to the court's attention." Fed. R. Crim. P. 52. "Only in extraordinary situations, in order to prevent a 'plain miscarriage of justice,' will a reviewing court reverse a judgment based upon errors not objected to at trial." Cook v. City of Bella Villa, 582 F.3d 840, 857 (8th Cir. 2009) (quoting Lange v. Schultz, 627 F.2d 122, 127 (8th Cir.1980)).

Defendant argues that the Government made five errors during closing arguments. Defendant claims the Government "inappropriately attempted to personalize the crime by encouraging the jury to view themselves as victims of it," and "used inappropriate analogies in its rebuttal statement and wrongly shifted or diluted the burden of proof as a result." (Doc. #136, p.11-12). Defendant further states the Government "suggested that the defense had engaged in legal maneuvers intended to distract the jury from the real issues in the case," and "repeatedly … referred to evidence which had been admitted for a limited purpose as an indication of criminal activity." Id. at 13-14. Lastly, Defendant now asserts that the Government invoked the jury's common sense in lieu of evidence. Id. at 13. At trial, Defendant failed to object and take the initiative to bring the alleged errors to the Court's attention. See McBride, 862 F.2d at 1319. Thus, without plain error that affects the substantial rights of Defendant, as required by Fed. R. Crim. P. 52, the Court may only grant Defendant's request for a new trial to prevent a "plain miscarriage of justice." See Cook, 582 F.3d at 857.

After considering the record, the Court finds that the evidence does not weigh so heavily against the verdict that a miscarriage of justice may have occurred. This case does not present such an extraordinary situation that would necessitate a new trial. Rather, the Court finds the evidence presented to the jury supported the jury's verdict on each count.

**IV.     Conclusion**

Accordingly, it is hereby

**ORDERED** that Defendant's Motion for New Trial (Doc. #136) is DENIED; and

**ORDERED** that Defendant's Rule 29 Motion for Judgment of Acquittal (Doc. #137) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: October 16, 2015